United States District Court

Eastern District of California

Lionell Tholmer,

        Petitioner,                        No. Civ. S 04-2491 FCD PAN P

   vs.                                     Findings and Recommendations

C. M. Harrison,

        Respondent.

-oOo-

    Petitioner is a state prisoner without counsel challenging his 1993 Yolo County conviction of murder with special circumstances. The jury reached a verdict of death but the trial judge reduced the sentence to life without possibility of parole.

    Petitioner murdered Cynthia Sparpana and her three-year-old daughter, Danyel, and later murdered John Meadows and attempted to pin blame on Meadows for the Sparpana murders. In <u>Tholmer v. Gomez</u>, Civ. S 95-1901 DFL GGH P, this court, after appointing counsel for petitioner, upheld petitioner's conviction for

murdering Meadows. The court addressed the Sparpana convictions in <u>Tholmer v. Castro</u>, Civ. S 98-2069 FCD PAN P, and, after appointing counsel for petitioner, dismissed the petition as partially unexhausted.

Petitioner filed his present petition November 22, 2004. June 30, 2005, respondent moved to dismiss it as untimely. Petitioner opposed August 29, 2005.

Petitioner's conviction became final May 19, 1995. The limitation period began to run April 24, 1996, with enactment of the Anti-Terrorism and Effective Death Penalty Act. <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1286 (9th Cir. 1997). Petitioner permitted 358 days to expire before filing his first state habeas petition. The limitation period expired April 2, 1999 (seven days after that round of litigation was completed).

Petitioner claims the benefit of tolling; it is his burden to establish it. <u>Smith v. Duncan</u>, 297 F.3d 809, 814 (9th Cir. 2002). He asserts tolling based on newly discovered evidence. 28 U.S.C. § 2244(d)(1)(D). For example, he says evidence the killer was left-handed initially was disclosed in federal habeas discovery in case Civ. S 98-2069 FCD PAN P. See April 15, 2005, motion re false records at 17. However, petitioner discovered the evidence before November 14, 2000, (<u>see</u> November 14, 2000, order in Civ. S 98-2069 FCD PAN P), and he fails to show he deserves tolling subsequent to that date. Similarly, petitioner claims he discovered the factual predicate of juror misconduct

claims when he received a copy of the "Smyth Confidential Memorandum" in April 2002 but he fails to show subsequent tolling until the claim was filed in November 2004. Petitioner references "newly" discovered evidence concerning the murder weapon, viz., a stolen gun report he received June 27, 2005. See July 11, 2005, "notice of exonerating newly [discovered] evidence and request to stay proceedings." Any claim based on such evidence is unexhausted. At any rate, that the gun was reported stolen in January 1985 would not preclude it having been used to kill Cynthia Sparpana in November of that year. Petitioner fails to establish timeliness based on tolling.

Nor does he show the time-bar should be waived because he is innocent. To pass through the "actual innocence gateway," permitting a district court to reach the merits of an otherwise-barred constitutional claim, a petitioner must "'support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial.'" Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002), quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)(emphasis in Majoy).

Evidence against petitioner at trial included the testimony of officer Kane, stating petitioner admitted in a Placer County jail interview to murdering Meadows and insisted Meadows had murdered the Sparpanas. Petitioner argues evidence discovered after conviction shows inaccuracies in Kane's testimony about how the interview came to occur and other collateral matters. Evidence that "significantly undermines or impeaches the

3

1  credibility" of trial witnesses is sufficient to take a
2  petitioner through the Schlup gateway if "all the evidence,
3  including new evidence, makes it more likely than not that no
4  reasonable juror would have found petitioner guilty beyond a
5  reasonable doubt." Gandarela v. Johnson, 286 F.3d 1080, 1086
6  (9th Cir. 2002) (internal quotation omitted).  Here, evidence
7  against petitioner was "reasonable, credible and solid," (see
8  Opinion of California Court of Appeal affirming petitioner's
9  conviction at 19) and nothing presently offered even cracks the
10 hinge on the actual innocence gateway.
11     Accordingly, the court hereby recommends respondent's June
12 30, 2005, motion to dismiss be granted and the petition be
13 dismissed as untimely.
14     Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
15 findings and recommendations are submitted to the United States
16 District Judge assigned to this case.  Written objections may be
17 filed within 20 days of service of these findings and
18 recommendations.  The document should be captioned "Objections to
19 Magistrate Judge's Findings and Recommendations."  The district
20 judge may accept, reject, or modify these findings and
21 recommendations in whole or in part.
22     Dated:  November 22, 2005.

                        /s/ Peter A. Nowinski
                        PETER A. NOWINSKI
                        Magistrate Judge