IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL THOLMER,

    Petitioner,                    No. CIV S-04-2491 FCD PAN P

    vs.

C. M. HARRISON,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On November 23, 2005, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported, in part, by the record and by proper analysis. The Court finds that petitioner has raised factual arguments relating to the

1

equitable tolling of his juror misconduct claims in his objections to the Magistrate Judge's Findings and Recommendations.  Specifically, petitioner asserts that he filed his petition in the Superior Court of Yolo County within eleven days of the discovery of the Smyth Juror Misconduct Report, which is the factual predicate for his juror misconduct claim.  Petitioner also asserts that within the intervening period between the filing of his petition in state court and the filing of his petition in federal court, the Yolo County Superior Court, the California Court of Appeals, Third Appellate District, and the California Supreme Court reviewed and subsequently denied the petition.  According to petitioner, this state review process occurred between May 2002 and October 2004.  Petitioner argues that, at most, 178 days passed between the filings in the state courts after the discovery of the Smyth Juror Misconduct Report.  Because petitioner has raised potentially valid arguments in support of the applicability equitable tolling, respondent's motion to dismiss for untimeliness as to this claim cannot be granted at this juncture.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 23, 2005, are adopted in part.

2. Respondent's June 30, 2005, motion to dismiss is granted except as to petitioner's claim of juror misconduct based on "newly discovered evidence," viz., the "Smyth Confidential Memorandum."

3. Within 30 days, respondent shall further respond to the sole remaining claim in the petition by filing and serving an answer or a motion to dismiss.  A motion to dismiss on untimeliness grounds should address petitioner's contentions in his January 13, 2006, findings and recommendations that he deserves tolling based on state habeas petitions pending from May 2002 to October 2004.

DATED: March 9, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
United States District Judge