IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL THOLMER,

        Petitioner,         No. CIV S-04-2491 FCD EFB P

    vs.

C.M. HARRISON,

        Respondents.        <u>ORDER AND FINDINGS</u>
                                          <u>& RECOMMENDATIONS</u>

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner alleges that his due process rights were violated due to juror misconduct and bias and, as a result, he did not receive a fair trial. An order filed March 9, 2006, granted respondent's motion to dismiss except as to petitioner's claim of juror misconduct based on newly discovered evidence, and directed respondent to further respond to that claim by filing an answer or motion to dismiss. Respondents filed a document styled as a "response to order" on June 6, 2006, which the court construes as a motion to dismiss. In that document, respondent argues that, notwithstanding the alleged new evidence, petitioner's claim of juror misconduct lacks any support whatsoever. Petitioner filed a traverse and request for an evidentiary hearing on October 30, 2006, and respondent filed an opposition on December 21, 2006.

1

On February 2, 2006, petitioner moved the court for an order for his immediate release or to direct respondent to answer specific claims raised in the motion regarding alleged false and perjured testimony in the trial of his underlying criminal case. Petitioner maintains that the prosecutors, Sacramento County Sheriff Officers, and Sacramento City Police Officers seized a gun bearing serial number 190317, which was in police possession since 1984, from a Sacramento Police Department evidence locker and later admitted it into petitioner's trial as the second of two .22 caliber revolvers that petitioner was alleged to have sold just days after one of his victims was killed in 1985. As far as the court can discern, petitioner is seeking release on bail pending resolution of respondent's motion to dismiss. *See* P.'s Motion, filed Feb. 2, 2006, at 1:17- 19. As discussed below, that motion is resolved by this order and findings and recommendations, and, accordingly, petitioner's request is denied.

Petitioner discusses at length alleged evidence relating to the murder weapon in his criminal trial, amounting to an impossibility of fact that he had the gun in his possession at the time of the crimes because the gun was in police possession instead. To the extent that petitioner seeks leave to assert an additional claim for habeas review by way of this motion, the request is denied. All of petitioner's claims except for that of juror misconduct, were dismissed as untimely filed. Petitioner may not now amend his petition as this late date and assert a new claim.

Insofar as petitioner seeks by way of this motion to bolster his claim for an evidentiary hearing, that motion is denied as explained below.

Petitioner's request for sanctions under Fed. R. Civ. P. Rule 11 is also denied. Rule 11 provides for sanctions only where a pleading violates the rule, either because it is deficient for lack of proper signature or is misleading in that it contains information presented for improper purpose, in contradiction to existing law, or lacking evidentiary support. Petitioner claims in this motion that the prosecutor and law enforcement agencies submitted false evidence and perjured testimony against him and appears to base his request for sanctions on that allegation. However,

petitioner does not allege or articulate any facts that this conduct was also being done by the respondent in this case.  More importantly, he has not shown that respondents or their counsel have violated Rule 11 in any way.  Petitioner's request for sanctions is therefore denied.

On April 5, 2007, petitioner filed a motion for an order shortening time for briefing, seeking an accelerated resolution of his case as his health is failing.  As stated above, respondent twice filed motions to dismiss, and petitioner filed a traverse on October 30, 2006.  The court now resolves the matter in this order, as discussed below.  Petitioner's motion is therefore denied as moot.  The court now turns to petitioner's motion for an evidentiary hearing and the merits of his juror misconduct claim.

**I.      Petitioner's Motion for an Evidentiary Hearing**

**A.  Facts**

At the time of his trial, petitioner was incarcerated at Folsom State Prison (Folsom) because of a previous conviction.  Petitioner specifically alleges that two jurors in his trial concealed that they knew a Folsom Correctional Officer named Smyth, who was also petitioner's work supervisor at the prison.  Petitioner alleges the jurors committed misconduct by responding in the negative to questionnaires and during voir dire that they did not have "any friends or acquaintances that were employed by the Department of Corrections."  As evidence, petitioner has attached to his motion a copy of a statement by Smyth, acknowledging her relationship with the jurors.  See Exhibit A to Petitioner's Traverse and Motion for An Evidentiary Hearing, at 1-2.  This statement is contained in a copy of a confidential memorandum dated April 29, 1993, written by Smyth to a Correctional Sergeant at Folsom, regarding concerns for her safety as a result of having been selected for petitioner's jury venire.  In that memo, Smyth stated that, when she arrived at the courthouse for jury duty she "became aware that the trial involved [petitioner]" and was excused from jury duty, but that petitioner did see her leaving the courthouse.  She also stated that she is "personally acquainted with two other members of the jury."

/////

**B. Analysis**

An evidentiary hearing on a habeas corpus petition is required whenever a petitioner's allegations, if proven, would entitle him to relief, and no state court trier of fact has, after a full and fair hearing, reliably found the relevant facts. *Townsend v. Sain*, 372 U.S. 293, 312-13 (1963) (*Townsend*); *Van Pilon v. Reed*, 799 F.2d 1332, 1338 (9th Cir. 1986) (*Van Pilon*). The state court's findings are entitled to a presumption of correctness on federal habeas corpus review. *Tinsley v. Borg*, 895 F.2d 520 (1990).

Petitioner argues that the two jurors acquainted with Smyth concealed their bias by not admitting this when asked on the juror questionnaires and during voir dire. However, petitioner appends as Exhibit C to his supplemental pleading filed on December 8, 2004, a juror questionnaire completed by one of the prospective jurors in his trial.[1] That questionnaire asked, "Have you or any close friends or relatives ever been employed by or otherwise affiliated with any of the law enforcement agencies listed above or any other law enforcement organizations (as an employee or volunteer)?" The list referred to in the question included the Department of Corrections. A response which discloses close friends or relatives would not include "acquaintances." Regardless, petitioner has failed to present more in his argument than semantics. Whatever the jurors' association with Smyth, petitioner has not shown any inference of bias resulting therefrom. There is no evidence whatsoever that the jurors knew Smyth in her professional capacity as a Correctional Officer prior to or during the trial. There is no evidence that the jurors' association with Smyth was a friendly one. There is no evidence, or even an allegation, that Smyth communicated with a juror prior to the return of the verdict. To the point, there is no evidence of misconduct or bias. Petitioner thus fails to satisfy the first prong of the test for when an evidentiary hearing is required: he has failed to provide allegations

---

[1] Petitioner does not identify the two jurors with whom Smyth was acquainted. He offers a form questionnaire from his trial that was answered by prospective juror M. Susan Miller.

4

which, if proven, would establish his right to relief. *See Townsend*, 372 U.S. at 312; *Van Pilon*, 799 F.2d at 1338.

In its reasoned opinion denying petitioner's state habeas corpus petition, the Yolo County Superior Court gave a detailed analysis of petitioner's arguments and ultimately found there was no need for an evidentiary hearing because there was "no reasonable likelihood that petitioner is entitled to relief," because "the petitioner did not allege sufficient facts to show juror misconduct." The court finds that there is no need for an evidentiary hearing because petitioner has not alleged facts that, if proven, would entitle him to relief.

## II. Petitioner's Claim for Habeas Relief Based on Juror Misconduct and Bias[2]

### A. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3, 7 (2002) (*citing Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the

---

[2] The pertinent facts are stated above in the court's discussion on petitioner's motion.

Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")   The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

### B.  Juror Misconduct and Bias

Petitioner sought habeas relief in the Yolo County Superior Court which, as noted above, gave a reasoned decision.  The Court of Appeal and the California Supreme Court denied the petitions without opinion.  The superior court considered the facts as stated above and also considered the district attorney's arguments pointing out a lack of factual basis for petitioner's claim.  The court held that "conclusory allegations made without any explanation of the basis for the allegations does not warrant relief, let alone an evidentiary hearing." *Citing People v. Duvall*, 9 Cal.4th 464.   The court ultimately concluded:

> The court does not find that any material facts are in dispute. D. Smyth wrote a memo after the trial verdict in which she stated that she was summoned as a potential juror and she was excused. She acknowledged that she was acquainted with two jurors. There is no record of juror misconduct or facts that support allegations of juror misconduct in the conclusory allegations made by petitioner."

*In the Matter of the Application of Lionell Tholmer*, Slip Op., at p. 8.

Accordingly, the court finds that petitioner is not entitled to federal habeas relief on his claim that his due process and fair trial rights were violated by juror misconduct and bias because the California courts' rejection of the claim was not contrary to, or involved an unreasonable application of, controlling federal law, or was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).

6

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's February 2, 2007, request for release is denied;

2. Petitioner's April 5, 2007, motion for an order shortening time is denied as moot.

Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petitioner's October 30, 2006, request for an evidentiary hearing be denied;

2. Petitioner's application for a writ of habeas corpus be denied; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 20, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE